[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter has a convoluted and perhaps even bizarre history. On June 18, 1985, the plaintiff in this action executed a mortgage deed and note securing a loan from Intercounty Mortgage Corporation. At some undetermined time Intercounty assigned the deed and note to First Nationwide Bank. Thereafter Intercounty declined tender of payments by the plaintiff. By writ summons and and complaint returned August 12, 1988 First Nationwide sought to foreclose the mortgage. Initially the suit was returned to the Judicial District of New Haven whereas correct venue was in the Judicial District of Waterbury. For some mysterious reason the Town of Wolcott was named as a party defendant by reason of unpaid taxes on the subject property, although obviously the Town's claims were prior in right to the mortgage. In that action, CT Page 8777 First Nationwide Bank vs. Donald W. Earley, et al, #273458 transferred to the Judicial District of Waterbury, Earley alleged in special defenses that he had not been informed of the assignment and had never been billed by First Nationwide. Nothing appears in that file to explain why Earley blithely let several years pass without making any payments or aggressively acting to obtain information as to who and where his creditor was. In any event, the earlier action was eventually disposed of by a stipulation for judgment pursuant to which Earley was to pay, and in fact did pay $36,902.20 to take care of the accrued arrearage. Nationwide, in that stipulation agreed to begin billing Earley for future installments on May 1, 1989 and monthly thereafter. The stipulation also provided for review of the escrow account and refund of any overage. Most importantly, Nationwide assured Earley that if the institution of the foreclosure action had had any adverse impact on Earley's credit rating it would take all necessary steps to correct that situation. In the present proceeding Earley alleges that Nationwide did not perform its obligation of correcting his credit file with the result that he has been turned down on applications for loans and thereby has been seriously impacted in attempts at refinancing obligations at a more favorable rate of interest and completion of business transactions which would have been profitable for him. This action was brought against First Nationwide, a California Corporation, under the long-arm Statute, C.G.S. 33-411 (c)(1) for it is based upon a contract made in this state. The sheriff's return indicates service upon Nationwide in accordance with the statute, namely upon the Secretary of the State and by certified mail on the corporation addressed to it at the address contained in the earlier foreclosure action. Nevertheless Nationwide has not appeared and by reason thereof has been defaulted. Thus, a hearing in damages.
The most important claim of Earley is for recission of the stipulation and return to him of the approximately $37,000 he paid. He claims lack of consideration because of the Bank's failure to perform its obligations. However, the stipulation contains a detailed itemization of the amount due on the mortgage as of May, 1989, and he certainly received consideration by reason of the reduction of his indebtedness. I conclude that refund of that payment is not a proper element in determining damages.
He then goes on to compute how much he would have saved if his credit rating permitted him to refinance other mortgages. He spent $810 in efforts to finance the purchase of property in Westbrook only to be turned down for financing because of the adverse credit rating. For the same reason he was prevented from engaging in business transactions that he claims would have been profitable. The dollar amounts he attributes to these problems involve so much speculation as to be useless in measuring the CT Page 8778 damages he has endured. Nevertheless they do clearly demonstrate that he has in fact suffered damage by reason of First Nationwide's failure to live up to its commitment to correct his credit history. I find that a reasonable evaluation of that damage $10,000. I further find that the failure of Nationwide was intentional, oppressive and unscrupulous in violation of CUPTA, C.G.S. 42-110a et seq. and therefore Earley is entitled to punative damages, the award of a reasonable attorney's fee, which I find to be $3,300.
Judgment may enter for the plaintiff in the amount of $13,300, costs to be taxed.
J. HEALEY, S.T.R.